# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

**GRANDVILLE DEWAYNE WILLIAMS**     **CIVIL ACTION NO. 24-1528-P**

**VERSUS**                                                      **JUDGE HICKS**

**ERT RILEY, ET AL.**                                   **MAGISTRATE JUDGE HORNSBY**

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Grandville Dewayne Williams ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on November 1, 2024.  Plaintiff is currently incarcerated at the Elayn Hunt Correctional Center, but complains his civil rights were violated by prison officials while incarcerated at the Caddo Correctional Center in Shreveport, Louisiana.   Plaintiff names ERT Riley, ERT Allen, and the Caddo Parish Sheriff Department as defendants.

Plaintiff claims that on June 3, 2023, ERT Riley took off his camera and punched him on the right side of his face and left ear.  He claims Riley punched him with two crucial blows that bruised his face.

Plaintiff claims that in October of 2024, ERT Allen threatened to taser him if he touched the door of his cell.

Plaintiff claims ERT Riley and ERT Allen are allied with each other in violation of prisoners' civil and constitutional rights.

Accordingly, Plaintiff seeks monetary compensation and the termination of ERT Riley and ERT Allen.

## LAW AND ANALYSIS

**Prescription**

Plaintiff claims that on June 3, 2023, ERT Riley punched him.

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims.  The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used.  Id. at 280.  In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as:  "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions.  The article subjects delictual actions to a liberative prescription of one year.  See La. C.C. art. 3492.[1]  The Fifth Circuit qualified this prescriptive period, however, when it

---

[1] La. C.C. art. 3492 was repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024.  Section 3 of Acts 2024 provides "The provisions of the Act shall be given prospective application only and shall apply to delictual actions after the effective date of this Act."  Thus, La. C.C. art. 3492 is still applicable as to this complaint.

held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983).

Plaintiff claims his civil rights were violated by ERT Riley on June 3, 2023. Thus, prescription began to run as to these claims on July 3, 2023. Plaintiff admits in his complaint that he did not file a grievance in the administrative remedy procedure. The above entitled and numbered complaint was not signed by Plaintiff until October 25, 2024, was not mailed by Plaintiff until October 30, 2024, and it was not filed by the Clerk of Court until November 1, 2024. Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's claims against ERT Riley should be dismissed as frivolous.

**Harassment**

Plaintiff claims that in October of 2024, ERT Allen threatened to taser him if he touched the door of his cell.

The Eighth Amendment proscribes prison officials' wanton infliction of unnecessary pain upon a prisoner. It has been held that verbal abuse and harassment do not constitute cruel and unusual punishment as contemplated by the Eighth Amendment and allegations of such, without more, are insufficient grounds for relief under 42 U.S.C. § 1983. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979); Ellingburg v. Lucas, 518 F.2d 1196 (8th Cir. 1975). Furthermore, the Fifth Circuit Court of Appeals has held that "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." Siglar v. Hightower, 112 F.3rd 191, 193 (5th Cir.1997);

Lynch v Cannatella, 810 F.2d 1363, 1376 (5th Cir. 1987) citing McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), cert. den., 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983). Even if Plaintiff has been subjected to verbal abuse and threats as alleged, this claim does not amount to harm sufficient to constitute a constitutional violation.

Accordingly, Plaintiff's claims against ERT Allen should be dismissed as frivolous.

**Caddo Parish Sheriff Department**

Plaintiff names the Caddo Parish Sheriff Department as a defendant.

A parish sheriff's office is not a legal entity capable of being sued. Cozzo v. Tangipahoa Parish Council, 279 F.3d 273 (5th Cir. 2012).  Thus, the Caddo Parish Sheriff Department is not a proper defendant.

Accordingly, the Caddo Parish Sheriff Department should be dismissed from this action with prejudice.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

<strong>OBJECTIONS</strong>

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 4th day of February, 2025.



Mark L. Hornsby
U.S. Magistrate Judge